White, J.
The proceedings disclosed in the record were had under the eighth section of the act to authorize the estab *187 lishment of houses of refuge (1 S. & G. Stat. 690), -and the statutes subsequently enacted enlarging the operation of that act so as to authorize commitments to be made to “ The State Reform Farm,” from any county in the State. S. & O. Stat. 1380-1; S. & S. Stat. 388.
The decision of the case depends upon the validity of the section named, which provides: “ If any accusation of the commission of any crime shall be made against any infant under the age of sixteen years, before any grand jury of the county, . . . and the charge appears to be supported by evidence sufficient to put the accused upon a trial, the grand jurors may, in their discretion, instead of finding an indictment against the accused, return to. the court that it appears to them that the accused is a suitable person to be committed to the guardianship of the directors of the house of refuge, and the court shall thereupon order such commitment.”
The subsequent legislation authorizes 'the commitment to be made to the guardianship of the board of commissioners for reform schools, who are invested by law with the care and control of the reform farm.
In the assignments in error, it is claimed that the statute in question is in conflict with art. 5 of the amendments to the Constitution of the United States; also with sections 5 and 10 of art. 1 of the constitution of the State.
The amendment to the Constitution of the United States referred to has no bearing on the case. That provision does not operate as a limitation of the power of the State governments over their own citizens, but is exclusively a restriction upon Federal .power. This has been repeatedly decided by the supreme court of the United States, and in the late case of Twitchell v. The Commonwealth (7 Wallace, 321) was not regarded as an open question.
The provisions referred to in our State constitution relate to the preservation of the right of trial by jury, and to the lights of the accused in criminal prosecutions. We do not regard this case as coming within the operation of either of these provisions. It is neither a criminal prosecution, nor a *188 proceeding according to the course of the common law, in ■which the right to a trial by .jury is guaranteed.
The proceeding is purely statutory; and the commitment, in cases like the present, is not designed as a punishment for crime, but to place minors of the description, and for thp causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. Tbe institution to which they are committed is a school, not a prison; nor is the character of their detention affected by the fact that it is also a place where juvenile convicts may be sent, who would otherwise be condemned to confinement in the common jail or the penitentiary, á Wharton, 11.
In this proceeding in error the facts found in the record must be taken as true; and these facts show the plaintiff in error to be a proper subject for commitment to the reform farm. But in a direct proceeding to determine the legality of the detention, the records could only be regarded asprvmafaoie evidence of the facts found,
No provision is made by the statute for making a defence to the charge preferred, nor for requiring notice to be given of the pendency of the proceeding. It would doubtless be proper for the court, where it was practicable, befoi’e making an order of commitment, to require such notice; but it does not seem to be required.
Owing to the ex-parte character of the proceeding, it is possible that the commitment of a person might be made upon a false and groundless charge. In such case neither the infant, nor any person who would, in the absence of such commitment, be entitled to his custody and services, will be without remedy. If the remedy provided in the 20th section should not be adequate or available, the existence of a sufficient cause for the detention might, we apprehend, be inquired into by a proceeding in habeas corpus.
It is true the 419th section provides, that it shall be a sufficient return to a writ of habeas corpus that the infant was committed to the guardianship of the directors, and that the period for his discharge had not arrived; and *189 the section further provides that the existence of the circumstances justifying the commitment shall not otherwise be examinable than in an action as provided for in the act. But we regard it as questionable whether this section can operate to restrict the power of a court, invested by the constitution with jurisdiction in habeas corpus, from inquiring fully into the cause' of the' detention of a person restrained of his liberty.

Judgment affirmed.

Brtnkerhoee, C.J., and Scott, Welch, and Day, JJ., concurred.